UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:20-CV-00118-GNS

ESTATE OF WINFRED COWAN, et al.                                    PLAINTIFFS

v.

LP COLUMBIA KY, LLC, et al.                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss (DN 10), Defendants' Motion for Leave to Exceed Page Limit (DN 9), Defendants' Motion for Oral Argument (DN 19), Defendants' Motions for Leave to File Supplemental Authorities (DN 22, 23, 24, 25), and Plaintiffs' Motion to Remand (DN 13). The motions are ripe for adjudication. For the reasons discussed below, Defendants' Motion to Dismiss and Defendants' Motion for Oral Argument are **DENIED**, and the remaining motions are **GRANTED**.

### I.     STATEMENT OF FACTS

Plaintiffs Billie B. Crosby ("Crosby"), Edna Melson ("Melson"), the late Winfred Cowan ("Cowan"), and the late Virginia Lee Rowe ("Rowe") were all residents of a long term care facility operated by Defendant LP Columbia KY, LLC d/b/a Signature Healthcare at Summit Manor Rehab & Wellness ("Summit Manor"). (*See* Defs.' Notice Removal Ex. A, ¶¶ 8-21, DN 1-1 [hereinafter Compl.]). Melson was staying at Summit Manor when she contracted COVID-19 and was sent to an urgent care facility where she was diagnosed as dehydrated and malnourished. (Compl. ¶¶ 11-12). Melson was eventually able to recover from the virus weeks later. (Compl. ¶ 12). Cowan was similarly staying at Summit Manor when he developed a high fever, was transferred to two urgent care facilities, and diagnosed with COVID-19, which later caused his

death. (Compl. ¶¶ 14, 16). Rowe also died from COVID-19 contracted while living at Summit Manor. (Compl. ¶ 16). Crosby experienced kidney failure and blood clots as a resident of Summit Manor. (Compl. ¶¶ 8-10).

On June 19, 2020, Plaintiffs filed a lawsuit in the Adair (Kentucky) Circuit Court asserting claims for negligence, violations of KRS 216.515, negligence *per se*, wrongful death, and breach of contract against Summit Manor and Signature Healthcare, LLC ("Defendants"). (*See* Compl. ¶¶ 22-49). Defendants removed the action to federal court, and moved to dismiss or compel arbitration.[1] ( Notice Removal, DN 1; Defs.' Mot. Dismiss, DN 10). Plaintiffs moved to remand.[2] (Pls.' Mot. Remand, DN 13). Defendants have also moved to file supplemental authorities.[3] (Defs.' Mot. Leave File Suppl. Authorities, DN 22; Defs.' 2d Mot. Leave File Suppl. Authorities, DN 23; Defs.' 3d Mot. Leave File Suppl. Authorities, DN 24; Defs.' 4th Mot. Leave File Suppl. Authorities, DN 25).

This case presents an issue currently percolating through the federal judiciary, namely, to what extent state law claims implicating the COVID-19 pandemic are subject to federal jurisdiction via the Public Readiness and Emergency Preparedness ("PREP") Act, 42 U.S.C. § 247d-6d. Plaintiffs argue the Complaint permissibly eschews federal claims and that, taken as a whole, it merely involves "'garden variety' medical neglect." (Pls.' Mot. Remand 2, 5). Defendants argue the PREP Act completely preempts any state law claims under its ambit and that Plaintiffs' claims fall within the terms of the Act. (*See* Defs.' Resp. Pls.' Mot. Remand 3, DN 17).

---

[1] Defendants moved for leave to exceed the page limit, which is unopposed. (*See* Defs.' Mot. Leave Exceed Page Limit, DN 9). The motion is granted.
[2] Defendants also moved for oral argument, which is denied because it would not aid the Court in resolving the pending motions. (Defs.' Mot. Oral Argument, DN 19).
[3] Because Plaintiffs do not oppose these motions, they are granted.

## II. STANDARD OF REVIEW

In order to invoke the district court's removal jurisdiction, a defendant must show the district court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The Court must remand the case to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). All doubts regarding removal are resolved in favor of remand. *Id*. In this case, Defendants rely on 28 U.S.C. § 1441(b), which allows removal for actions "of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." *Id.* § 1441(b); (Notice Removal 2). In determining removal jurisdiction under Section 1441, federal courts apply the "well-pleaded complaint" rule, which allows federal jurisdiction "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted). Specifically, the Court must examine "the 'well pleaded' allegations of the complaint and ignore potential [federal] defenses . . . ." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

The Sixth Circuit has generally recognized three exceptions to the well-pleaded complaint rule. *See Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). The first such exception is the artful-pleading doctrine, which acknowledges plaintiffs may not "avoid removal jurisdiction by artfully casting their essentially federal law claims as state-law claims." *Id.* (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n.2 (1981)). Closely related is the second exception, the complete-preemption doctrine, which recognizes removal is proper "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Id.* (citing *Beneficial Nat'l Bank*, 539 U.S. at 8). The third exception is the substantial-federal-question doctrine, which applies "where the vindication of a right under state law necessarily turn[s] on

some construction of federal law." *Id.* (alteration in original) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9 (1983)).

### III.   DISCUSSION

Acknowledging the Complaint does not satisfy the well-pleaded complaint rule, Defendants raise other exceptions to justify federal jurisdiction. (*See* Notice Removal 5). Central to each argument is Defendants' contention that Congress and the Executive Branch intended claims like Plaintiffs' not only be dismissed, but dismissed in federal court.

#### A.   The PREP Act

"[T]he PREP Act empowers the Secretary of the Department of Health and Human Services [("HHS")] to deem an event a 'public health emergency' and then take action to utilize funds established by the Treasury to manage the emergency." *Sherod v. Comprehensive Healthcare Mgmt. Servs., LLC*, No. 20cv1198, 2020 WL 6140474, at *6 (W.D. Pa. Oct. 16, 2020) (citing 42 U.S.C. § 247d(a)). In March 2020, the Secretary of HHS ("the Secretary") issued a declaration under the PREP Act regarding the COVID-19 pandemic, which has since been amended five times. 85 Fed. Reg. 15,198 (Mar. 17, 2020); Fifth Amended Declaration, 86 Fed. Reg. 7,872 (Feb. 2, 2021).

Once the Secretary has issued an emergency declaration, the PREP Act provides that "a covered person shall be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure . . . ." 42 U.S.C. § 247d-6d(a)(1). At the same time, "[u]pon the issuance by the Secretary of a declaration under section 247d-6d(b) . . . there is hereby established in the Treasury an emergency fund . . . for purposes of providing timely, uniform, and adequate compensation to eligible individuals for covered injuries directly caused by

the administration or use of a covered countermeasure pursuant to such declaration . . . ." 42 U.S.C. § 247d-6e(a). Accordingly,

> [w]hen the PREP Act applies, it provides broad immunity "from suit and liability under Federal and State law," and the remedy available to an injured plaintiff is an administrative "Covered Countermeasure Process Fund" ("Process Fund"), administered by the Secretary, that provides "timely, uniform, and adequate compensation to eligible individuals for covered injuries directly caused by the administration or use of a covered countermeasure."

*Dupervil v. All. Health Operations, LLC*, No. 20-CV-4042 (PKC) (PK), 2021 WL 355137, at *6 (E.D.N.Y. Feb. 2, 2021) (internal citation omitted) (citation omitted).

The only exception to the Act's immunity is when the injury occurs through willful misconduct. 42 U.S.C. § 247d-6d(d)(1). In these instances, the PREP Act provides procedural rules and exhaustion requirements that govern the injured person's claim. *See* 42 U.S.C. § 247d-6d(e). For example, the plaintiff must file suit in the U.S. District Court for the District of Columbia; claims must be proven by clear and convincing evidence; and the plaintiff may elect to accept compensation from the Process Fund, if the Secretary determines that the plaintiff qualifies. *Id.* §§ 247d-6d(e)(1), 247d-6d(c), 247d-6e(d)(5).

The PREP Act also expressly preempts state laws that conflict with its terms:

> During the effective period of a declaration [] [by the Secretary], or at any time with respect to conduct undertaken in accordance with such declaration, no State or political subdivision of a State may establish, enforce, or continue in effect with respect to a covered countermeasure any provision of law or legal requirement that—
> (A)   is different from, or is in conflict with, any requirement applicable under this section; and
> (B)   relates to the design, development, clinical testing or investigation, formulation, manufacture, distribution, sale, donation, purchase, marketing, promotion, packaging, labeling, licensing, use, any other aspect of safety or efficacy, or the prescribing, dispensing, or administration by qualified persons of the covered countermeasure, or to any matter included in a requirement applicable to the covered countermeasure under this section or any other provision of this chapter, or under the [FDCA] . . . .

5

*Id*. § 247d-6d(b)(8).

Finally, the remaining elements of the PREP Act were succinctly described in a recent district court decision:

> In sum, the PREP Act—with one limited exception for "willful misconduct"—provides covered persons with immunity from suit for all claims of loss caused by, arising out of, relating to, or resulting from the administration to or use by an individual of covered countermeasures, which include certain drugs, biological products, and devices. Covered persons broadly include individuals as well as private and public entities, and the administration of a covered countermeasure can include "purposeful allocation" of the countermeasure, including decisions not to provide a countermeasure to an individual. The Act [also] expressly preempts conflicting state laws . . . .

*Dupervil*, 2021 WL 355137, at *7.

### B. Complete Preemption

Defendants contend the PREP Act completely preempts Plaintiffs' state law claims, such that federal question jurisdiction exists under Section 1331. (Notice Removal 5). The complete preemption doctrine applies in extraordinary circumstances where Congress intended that "any claim purportedly based on [a] pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar Inc.*, 482 U.S. at 393. Complete preemption requires that courts answer affirmatively whether the federal statutes at issue "provided the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action." *Beneficial Nat'l Bank*, 539 U.S. at 7-8 (citations omitted). The Sixth Circuit has recognized the limited applicability of complete preemption. *Mikulski*, 501 F.3d at 564. To illustrate, the Supreme Court has found complete preemption in only three classes of cases: Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185; the Employee Retirement Income Security Act of 1975, 29 U.S.C. §§ 1001-1461; and the National Bank Act, 12 U.S.C. § 38. *See Beneficial Nat'l Bank*, 539 U.S. at 7-9.

Importantly, complete preemption supporting removal is not the same as "ordinary preemption", which provides a federal defense. *Warner v. Ford Motor Co.*, 46 F.3d 531, 535 (6th Cir. 1995) (en banc). "Ordinary preemption" denotes the classic methods of establishing federal supremacy through express, implied, conflict, or field preemption. But "[a] case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption . . . ." *Caterpillar Inc.*, 482 U.S. at 393 (citation omitted). Instead, "the congressional intent necessary to confer removal jurisdiction upon the federal district courts through complete preemption is expressed through the creation of a parallel federal cause of action that would 'convert' a state cause of action into the federal action for purposes of the well-pleaded complaint rule." *Strong v. Telectronics Pacing Sys., Inc.*, 78 F.3d 256, 260 (6th Cir. 1996) (citing *Warner*, 46 F.3d at 534-35).

Defendants contend that the PREP Act preempts any state law claims covered by its terms and correspondingly extends immunity to covered individuals. (Defs.' Resp. Pls.' Mot. Remand 4-5). Further, Defendants argue the PREP Act creates a parallel cause of action because the "exclusive" remedy for claims based on non-willful conduct is compensation from the Federal Covered Countermeasures Process Fund. (Defs.' Resp. Pls.' Mot. Remand 5). Similarly, for claims based on willful misconduct, suits may only be heard in the United States District Court for the District of Columbia. (Defs.' Resp. Pls.' Mot. Remand 5).

It is evident here that the PREP Act does not provide a cause of action for Plaintiffs' claims. The PREP Act simply extends immunity, i.e., a federal defense, and directs a federal agency, not a federal court, to provide the remedies. Apart from willful conduct claims, a plaintiff cannot bring a claim under the PREP Act in *any* court. Instead, as immunity extends to suit in both state *and* federal court, the Secretary has primary jurisdiction for most claims under the Act, potentially

including Plaintiffs'. Consider the logical inconsistency, for example, of allowing an action to be removed to federal court because it may have been originally brought there, yet also requiring the same court to dismiss it because an administrative agency has primary jurisdiction.

Nearly every district court to consider this issue has concluded the PREP Act is not a complete preemption statute, or at least does not have such an effect on claims like those presented here.[4] Defendants dispute these holdings due to their disregard of the difference between "complete" and "ordinary" preemption and their narrow reading of the PREP Act's coverage regarding "inaction claims." (Defs.' Resp. Pls.' Mot. Remand 6-8). In support, Defendants cite to a Statement of Interest ("SOI") filed on behalf of the United States in *Bolton v. Gallatin Center for Rehabilitation & Healing, LLC*, No. 3:20-cv-00683 (M.D. Tenn. Aug. 7, 2020). (Defs.' 3d Mot. Leave File Suppl. Authority 6, DN 24-2). The SOI partially relied upon *In re WTC Disaster Site*, 414 F.3d 352, 375 (2d Cir. 2005), where the Second Circuit held the Air Transportation Safety and System Stability Act ("ATSSSA"), a scheme with a similar framework to the PREP Act, completely preempted state law claims arising out of the September 11 attacks. Notice of Filing by United States at 9-10, *Bolton v. Gallatin Ctr. for Rehab. & Healing, LLC*, No. 3:20-cv-00683 (M.D. Tenn. Jan. 19, 2021) (citing *In re WTC Disaster Site*, 414 F.3d at 375). But the difference between the ATSSSA and the PREP Act is that, although the ATSSSA created an administrative compensation fund, it also created an alternative, exclusive, federal cause of action for the *same*

---

[4] *See, e.g.*, *Est. of Maglioli v. Andover Subacute Rehab. Ctr. I*, 478 F. Supp. 3d 518 (D.N.J. 2020); *Eaton v. Big Blue Healthcare, Inc.*, No. 2:20-CV-2291-HLT-JPO, 2020 WL 4815085 (D. Kan. Aug. 19, 2020); *Sherod v. Comprehensive Healthcare Mgmt. Servs., LLC*, No. 20CV1198, 2020 WL 6140474 (W.D. Pa. Oct. 16, 2020); *Gunter v. CCRC Opco-Freedom Square, LLC*, No. 8:20-CV-1546-T-36TGW, 2020 WL 8461513 (M.D. Fla. Oct. 29, 2020); *Dupervil v. All. Health Operations, LCC*, No. 20-CV-4042 (PKC) (PK), 2021 WL 355137, at *1 (E.D.N.Y. Feb. 2, 2021); *Lyons v. Cucumber Holdings*, LLC, No. CV 20-10571-JFW(JPRx), 2021 WL 364640, at *4-5 (C.D. Cal. Feb. 3, 2021).

claims in the United States District Court for the Southern District of New York. *Dupervil*, 2021 WL 355137, at *10-11. By contrast, claims under the PREP Act were provided immunity, preemption, and an administrative remedy. The only exclusive federal cause of action afforded by the PREP Act involves claims for willful misconduct, and even those claims require administrative exhaustion. *See* 42 U.S.C. §§ 247d-6d(d)(1), 247d-6d(e). Simply put, there is no federal cause of action conferring the federal courts with original exclusive jurisdiction over these claims.

The Sixth Circuit has declined to extend complete preemption to various statutes that fail to confer original exclusive jurisdiction on the federal courts. *See Mikulski*, 501 F.3d at 564. As the Sixth Circuit in *Mikulski* noted, "Congress knows how to enact exclusive private rights of action when it chooses to do so . . . ." *Id.* (citation omitted). The *Mikulski* court applied this principle in recognizing several provisions in the IRS tax code which expressly prescribe an exclusive, private, federal remedy, *except* for the statute relied upon by the plaintiffs, and therefore, *inter alia*, the plaintiffs' claims were not completely preempted. *Id.* Accordingly, Congress' decision to provide an exclusive federal cause of action for willful misconduct under the PREP Act underscores its decision not to do so for the remaining claims. *See* 42 U.S.C. § 247d-6d(d)(1) ("[T]he sole exception to the immunity from suit and liability of covered persons . . . shall be for an exclusive Federal cause of action against a covered person for . . . injury proximately caused by willful misconduct . . . by such covered person.").

Defendants also cite the HHS Office of General Counsel ("OGC") Advisory Opinion 21-01, which states the PREP Act is a "complete preemption" statute because it supposedly establishes exclusive jurisdiction in federal court and creates the only viable claim as a federal cause of action, either administratively or judicially. (Defs.' 2d Mot. Leave File Suppl. Authorities 1, DN 23-2 (citing OGC Advisory Opinion 21-01, at 2)). Defendants argue this letter requires federal courts

grant jurisdiction because the Fourth Amended Declaration, which is afforded *Chevron* deference,[5] incorporated the Advisory Opinions. (Defs.' 2d Mot. Leave File Suppl. Authorities 2-3). The letter, however, states "it does not have the force or effect of law." (OGC Advisory Opinion 21-01, at 5). Accordingly, although some Advisory Opinions may be entitled to *Chevron* deference, this letter explicitly states "[i]t is not a final agency action or a final order." (OGC Advisory Opinion 21-01, at 5); *see Gilbert Garcia v. Welltower OpCo Grp. LLC*, No. SACV20-02250JVS(KESx), 2021 WL 492581, at *6 (C.D. Cal. Feb. 10, 2021) (holding Advisory Opinion 21-01 is not entitled *Chevron* deference); *Dupervil*, 2021 WL 355137, at *10 (same).

Furthermore, the letter is unpersuasive. *See Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944). Defendants cite to *Garcia* for the proposition that the Advisory Opinion is at least persuasive authority for finding "complete preemption (Defs.' 4th Mot. Leave File Suppl. Authorities 1, DN 25-2). The court in *Garcia*, however, did not explain the reason for its agreement with the letter. *See Garcia*, 2021 WL 492581, at *6 ("[T]he Court agrees with this administrative agency interpretation of the PREP Act." (citations omitted)). Ultimately, the letter claims an exclusive *administrative* remedy is a sufficient substitute for an exclusive federal cause of action. The same argument was raised by the SOI in *Bolton*, which asserted the proper inquiry "does not focus on the nature of any remedy the federal court or law may or may not provide." Notice of Filing by United States at 6, *Bolton v. Gallatin Ctr. for Rehab. & Healing, LLC*, No.

---

[5] "When Congress has 'explicitly left a gap for an agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation,' and any ensuing regulation is binding in the courts unless procedurally defective, arbitrary or capricious in substance, or manifestly contrary to the statute." *United States v. Mead Corp.*, 533 U.S. 218, 227 (2001) (internal citation omitted) (quoting *Chevron, U.S.A. Inc. v. NRDC, Inc.*, 467 U.S. 837, 843-44 (1984)). This binding effect, known as *Chevron* deference, applies when "it appears that Congress delegated authority to the agency generally to make rules carrying the force of law, and that the agency interpretation claiming deference was promulgated in the exercise of that authority." *Id*. at 226-27.

10

3:20-cv-00683 (M.D. Tenn. Jan. 19, 2021) (citing *Caterpillar Inc.*, 482 U.S. at 391 n.4). The Supreme Court in *Caterpillar* did not hold a federal cause of action was irrelevant to a determination of complete preemption, however, but that it was unnecessary for the "*federal cause of action* relied upon [to] provide[] the plaintiff with a remedy." *Id*. Furthermore, the Sixth Circuit has rejected simply pointing to the existence of a federal administrative remedy. For example, in *Strong*, the Sixth Circuit held that where the Food, Drug, and Cosmetic Act ("FDCA") disclaimed any private cause of action, claims under the FDCA's Medical Device Amendments were not completely preempted and that the availability of federal administrative remedies did not change that result. *Strong*, 78 F.3d at 261; *see also Dillon v. Medtronic, Inc.*, 992 F. Supp. 2d 751, 760 (E.D. Ky. 2014).

The PREP Act affords immunity and preempts all state claims within its limited ambit. "Like the defense of federal claim preclusion, however, preemption alone 'does not transform the plaintiff's state-law claims into federal claims but rather extinguishes them altogether.' Absent a federal remedy, preemption remains merely a defense and thus cannot satisfy the well-pleaded complaint rule." *Dillon*, 992 F. Supp. 2d at 758 (citing *Rivet v. Regions Bank of La.*, 522 U.S. 470, 476 (1998)). As the PREP Act does not also provide a corresponding federal cause of action conferring federal courts with jurisdiction, the PREP Act does not completely preempt Plaintiffs' claims.[6]

---

[6] Defendants also passingly reference the "artful pleading" exception. (Defs.' Resp. Pls.' Mot. Remand 9). This exception prohibits a plaintiff from "artfully" avoiding a federal cause of action as the real basis of its complaint, and therefore, begs the question at the heart of the "complete preemption" analysis: whether a federal cause of action exists. Having determined that the PREP Act does not completely preempt state law claims, and Plaintiffs do not allege willful misconduct, the analysis remains the same. *See Mikulski*, 501 F.3d at 561 ("[A]rtful pleading and preemption are closely aligned.").

11

### C. Substantial Federal Question

Defendants also maintain the PREP Act presents a substantial federal question that allows the federal courts to exercise jurisdiction. (Defs.' Resp. Pls.' Mot. Remand 8). Under the substantial-federal-question doctrine, federal jurisdiction exists when "a state-law claim necessarily state[s] a federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing a congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mf'g*, 545 U.S. 308, 309 (2005). "[T]he federal interest in providing a forum for an issue [must be] weighed against the risk that the federal courts will be unduly burdened by a rush of state law cases." *Mikulski,* 501 F.3d at 565. In support of its argument, Defendants cite the Fourth Amended Declaration, which states:

> [T]here are . . . substantial federal legal and policy interests within the meaning of *Grable & Sons Metal Products, Inc. v. Darue Eng'g. & Mf'g.*, 545 U.S. 308 (2005), in having a uniform interpretation of the PREP Act. Under the PREP Act, the sole exception to the immunity from suit and liability of covered persons is an exclusive Federal cause of action against a Covered Person for death or serious physical injury proximately caused by willful misconduct by such Covered Person. In all other cases, an injured party's exclusive remedy is an administrative remedy under section 319F-4 of the PHS Act. Through the PREP Act, Congress delegated to me the authority to strike the appropriate Federal-state balance with respect to particular Covered Countermeasures through PREP Act declarations.

(Defs.' Mot. Leave File Suppl. Authorities 4, DN 22-2). Further, HHS Advisory Opinion 21-01 asserts: "ordaining the metes and bounds of PREP Act protection in the context of a national health emergency necessarily means that the case belongs in federal court." (OGC Advisory Opinion at 5). The letter states "the secretarial determination provides the underlying basis for invoking the *Grable* doctrine with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure." (OGC Advisory Opinion 21-01, at 5).

12

Although the Secretary's view on the federal interests underlying the PREP Act are compelling, neither the Fourth Amended Declaration nor the Advisory Opinion address whether Plaintiffs' claims necessarily state a federal issue, such that a "disputed question of federal law is a *necessary element of one of the well-pleaded state claims* . . . ." *Mikulski*, 501 F.3d at 565 (emphasis added). The Complaint asserts state common law and statutory claims, none of which require interpretation of the PREP Act. The PREP Act, instead, provides only a defense of immunity. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474-76 (6th Cir. 2008) (holding that issues raised in defenses do not satisfy the first prong of the substantial-federal-question test because they are not an "essential element" of the plaintiff's claim). Accordingly, this Court joins numerous federal courts in holding that the PREP Act does not present a substantial federal question.[7]

D. **Conclusion**

The mere fact that questions of federal statutory law may need to be resolved in the course of litigation is not sufficient to confer federal question jurisdiction. *See Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Indeed, "even if both parties concede that the federal defense is the only question truly at issue," removal is still improper. *See Robinson v. Mich. Consol. Gas Co. Inc.*, 918 F.2d 579, 585 (6th Cir. 1990) (citation omitted). Rather, to the extent Defendants are concerned about state court interpretation of the PREP Act coverage, and therefore the application of immunity, the proper interpretation of a federal statute is protected by the

---

[7] *See, e.g.*, *Dupervil*, 2021 WL 355137, at *14; *Anson v. HCP Prairie Vill. KS OPCO LLC*, No. 20-2346-DDC-JPO, 2021 WL 308156, at *1 (D. Kan. Jan. 29, 2021); *Est. of Smith ex rel. Smith v. Bristol at Tampa Rehab. & Nursing Ctr., LLC*, No. 8:20-CV-2798-T-60SPF, 2021 WL 100376, at *1 (M.D. Fla. Jan. 12, 2021); *Saldana v. Glenhaven Healthcare LLC*, No. CV 20-5631 FMO (MAAx), 2020 WL 6713995, at *1 (C.D. Cal. Oct. 14, 2020).

Supreme Court's power to review state court decisions involving such issues. *Merrell Dow Pharms.*, 478 U.S. at 816 n.14.

Furthermore, while other federal district courts have directly or alternatively held that negligent "inaction" claims, like Plaintiffs', are not covered by the PREP Act and thus do not extend immunity to defendants, this Court does not determine the issue. Accordingly, once this action is remanded, Defendants can marshal the same arguments in state court that they raised here regarding their immunity from suit. The Court, therefore, grants Plaintiffs' motion to remand and denies Defendants' motion to dismiss.

## IV. CONCLUSION

For the reasons discussed above, **IT IS HEREBY ORDERED** as follows:

1. Plaintiffs' Motion to Remand (DN 13) is **GRANTED**, and this matter is **REMANDED** to Adair Circuit Court.

2. Defendants' Motion to Dismiss (DN 10), and Defendants' Motion for Oral Argument (DN 19) are **DENIED**.

3. Defendants' Motion for Leave to Exceed Page Limit (DN 9), and Defendants' Motions for Leave to File Supplemental Authorities (DN 22, 23, 24, 25) are **GRANTED**.

4. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

March 30, 2021

cc: counsel of record
Clerk, Adair Circuit Court (Civil Action No. 20-CI-00077)